**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEBORAN ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-01305-JAR |
| GINA M. RAIMONDO, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Deboran Allen to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court will grant the application. Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

## Discussion

Plaintiff's complaint is sparse on details. Based on her allegations, it appears she was a federal employee who alleged employment discrimination in an administrative process. When using the administrative process, a federal employee must (1) consult with a counselor at the relevant agency's Equal Employment Office (EEO) within 45 days of the alleged discriminatory act, *see* 29 CFR § 1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint (EEO Complaint) within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint, *see id.* § 1614.106(a), (b). Failure to comply with the 15 days requirement is grounds for the EEO to dismiss the complaint without a hearing under § 1614.107(a)(2).

Plaintiff states that she received her notice of right to file a formal EEO Complaint on June 29, 2020. For purposes of timeliness, "the Agency presumes that the Official notice of Right to File was received within five (5) calendar days of the date on which it was mailed and that the time frames should be computed as commencing five days from the date of the mailing." (Compl. at 5) (quoting the notice of right to file a formal EEO Complaint). Plaintiff filed her formal EEO Complaint on July 16, 2020, which she alleges was within 15 calendar days of when she received her notice of right to file a formal EEO Complaint. The agency did not agree, and on March 29, 2021, the agency issued its final decision dismissing plaintiff's formal EEO complaint as untimely under 29 C.F.R. § 1614.107(a)(2).

Plaintiff's complaint does not allege sufficient facts from which the Court can conduct an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court is unable to determine whether

plaintiff has stated a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. Specifically, plaintiff has not alleged the date reflected on her notice of the right to file a formal EEO Complaint; plaintiff has only alleged the date on which she received the notice of the right to file a formal EEO Complaint.[1]

Additionally, plaintiff has not alleged whether she filed an appeal of the dismissal of her formal complaint. This information is necessary to determine whether plaintiff has stated a claim on which relief may be granted. "Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer." *See McAlister v. Secretary of Dept. of Health and Human* Services, 900 F.2d 157, 158 (8th Cir.1990). Failure to exhaust such remedies is fatal to claims of federal employment discrimination. *Id.*

For these reasons, the Court will allow plaintiff to file an amended complaint. Plaintiff shall note that her amended complaint shall state the date reflected on the notice of the right to file a formal EEO Complaint, which she allegedly received on June 29, 2020. Plaintiff's amended complaint shall also state whether plaintiff appealed the dismissal of her EEO complaint.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit

---

[1] The notice of the right to file a formal EEO Complaint is dated. *See, e.g.,* https://www.eeoc.gov/federal-sector/management-directive/appendix-g-eeo-md-110-notice-right-file-discrimination (last visited Jun. 3, 2022) (providing sample form EEO notice of right to file a formal EEO Complaint).

from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that she can adequately present her claims to the Court. Additionally, the factual and legal issues in this case appear to be fairly straight-forward. The Court will entertain future motions for appointment of counsel, if necessary, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

If plaintiff fails to timely file an amended complaint in compliance with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.

Dated this 3rd day of June, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE