**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEBORAH ALLEN-DENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:21-cv-01305-JAR |
| vs. ) | |
| ) | |
| GINA M. RAIMONDO, United States ) | |
| Secretary of Commerce, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on a motion for summary judgment filed by the Defendant Secretary of Commerce, Gina Raimondo, on behalf of the United States Department of Commerce, asserting that Plaintiff Deborah Allen-Denson failed to exhaust her administrative remedies by failing to timely file her formal complaint with the Equal Employment Opportunity Commission. For the reasons set forth below, the motion will be denied.

**BACKGROUND**

Viewing the evidence and all reasonable inferences in the light most favorable to Plaintiff, the record establishes the following. Plaintiff was a recruiting manager with the St. Louis census office of the Department of Commerce. In early June 2020, she initiated pre-complaint counseling with the Department's EEO Office, alleging race and sex discrimination as well as retaliation for prior EEO activity. (Doc. 14-1 at 1). At the time, the EEOC had suspended regular mail and was processing complaints electronically due to the COVID-19 pandemic. (*Id*. at 9-11).

1

After efforts to resolve Plaintiff's complaint through counseling were unsuccessful (Doc. 16 at 1), on June 29, 2020, Plaintiff received via email an Official Notice of Right to File a Formal Complaint stating:

> You have the right to file a discrimination complaint **within 15 calendar days** of your receipt of this Notice. You may use the attached Complaint Form CD-498 or write a letter containing the same information.
>
> For purposes of timeliness, the U.S. Census Bureau presumes that this Notice of Right to File a formal complaint was received within five (5) calendar days of the date on which it was mailed and that the **time frames should be computed as commencing five days from the date of mailing**.

(Doc. 14-2 at 1) (emphasis added).  A certificate of service attached to the Notice repeats the above second paragraph and reflects that it was sent to Plaintiff's email address on June 29, 2020. (*Id*. at 3).  Department email records show that Plaintiff received and opened the email at approximately 2:25 p.m. CST that day. (*Id*. at 5).  However, relying on the computation period stated in the second paragraph, Plaintiff filed her formal EEO complaint seventeen days later, on July 16, 2020. (Doc. 14-3 at 2).

On March 29, 2021, the Department issued its final decision dismissing Plaintiff's complaint as untimely, noting that Plaintiff failed to provide adequate justification for the delay (Doc. 14-1).  Plaintiff appealed the decision to the EEOC, arguing that her complaint was timely because the Notice indicated that the 15-day limitation period commenced five days after the mailing date.  On July 28, 2021, the EEOC rejected Plaintiff's argument and affirmed the agency's decision, reasoning that the five-day rule applies only to Notices issued by mail and not those sent by email.  (Doc. 14-4).

On October 28, 2021,[1] Plaintiff filed a *pro se* complaint in this Court seeking a determination that her agency complaint was timely filed and remand of the case to the agency for an investigation on her allegations of discrimination. In lieu of an answer, the Defendant Department of Commerce filed the present motion for summary judgment for failure to exhaust administrative remedies. In support of the motion, Defendant argues that Plaintiff failed to file her agency complaint within 15 days of her undisputed actual receipt of the Notice, as required by 29 C.F.R. § 1614.106(b).

In response, Plaintiff contends that her complaint was timely by application of the five-day rule set forth in the Notice. She argues that the EEOC's COVID directives required agencies to treat electronic and paper documents in the same manner, so the presumption applicable to paper mailings should also apply to the Notice she received via email. Plaintiff also argues that Defendant violated Executive Order 12067, issued by President Carter in 1978, directing federal agencies to cooperate with the EEOC in performing its functions.

In reply, Defendant first asserts that Plaintiff's response is deficient in that some of Plaintiff's responses to its statement of facts do not comply with Local Rule 4.01(E) and therefore should be deemed admitted, and Plaintiff's declaration, stating that she relied on the five-day presumption, is self-serving and should be disregarded. On the merits, Defendant contends that the five-day presumption is rebutted by the undisputed fact that Plaintiff actually received the notice on June 29; further, nothing in the EEOC's COVID notice altered applicable

---

[1] A complainant must file a civil action within 90 days of *receipt* of the agency's final action. 29 C.F.R. § 1614.407(a). The agency's final decision after appeal was sent to Plaintiff via postal mail with a certificate of service containing a similar 5-day presumption. (Doc. 7 at 6). As such, the Court finds Plaintiff's complaint here timely filed.

3

regulatory timeframes, and Plaintiff fails to establish a basis for equitable tolling or estoppel.[2] Defendant also submits that Executive Order 12067 has no bearing on the analysis here because it merely established a framework for agency cooperation, not a private cause of action.

## DISCUSSION

### Summary Judgment Standard

As a preliminary matter, construing Plaintiff's *pro se* filings liberally as the Court must, *Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020), the Court does not find Plaintiff's response so deficient as to warrant adverse findings. The material facts in this case, centrally regarding the administrative procedural timeline, are established by documentary evidence in the record and entirely undisputed. Rather, the parties dispute the proper application of regulatory deadlines to the facts in this case, particularly with respect to the five-day rule.

Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." The burden of demonstrating that there are no genuine issues of material fact rests on the moving party, and the court must view the evidence and the inferences that may be reasonably drawn therefrom in the light most favorable to the non-moving party. *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015).

### Administrative Exhaustion

A federal employee must exhaust her administrative remedies before filing an employment discrimination claim against a federal employer. *McAlister v. Secretary of Dept. of Health and Human Services*, 900 F.2d 157, 158 (8th Cir.1990). The regulations set forth in 29

---

[2] Although Plaintiff, who is *pro se*, understandably does not explicitly invoke the doctrine of equitable tolling using that precise legal terminology, her central argument clearly relies on those equitable principles, as evidenced by the fact that Defendant identified and addressed it as such. The Court has no difficulty considering the issue as squarely raised before it.

4

C.F.R. § 1614 govern administrative procedures for federal employees. First, a complainant must contact an EEO counselor within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). The counselor is required to conduct an interview with the aggrieved employee within 30 days of the request unless the employee agrees to a longer counseling period or chooses alternative dispute resolution. 29 C.F.R. § 1614.105(d). If the matter is not resolved, the aggrieved person shall be informed in writing of the right to file an administrative complaint. *Id.* A complaint must be filed within 15 days of receipt of this notice. 29 C.F.R. § 1614.106(b). The agency shall dismiss a complaint that fails to comply with the applicable time limit unless equitable tolling or estoppel is warranted. 29 C.F.R. § 1614.107(a)(2), § 1614.604(c). Any appeal must be filed within 30 days of receipt of the agency's action. 29 C.F.R. § 1614.402. After exhausting these administrative remedies, a plaintiff may file a civil action in federal court within 90 days of receipt of the final administrative decision. 29 C.F.R. § 1614.407.

Exhaustion of administrative remedies is not a jurisdictional requirement. *Zipes v. TWA, Inc.*, 455 U.S. 385, 393 (1982). Rather, like a statute of limitations, it is subject to waiver, estoppel, and equitable tolling. *Id*. While a defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies, *Ballard v. Rubin*, 284 F.3d 957, 964 n. 6 (8th Cir.2002), a plaintiff bears the burden of proving her entitlement to equitable tolling or estoppel. *Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011). Equitable relief should be used only in exceptional circumstances. *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018). Equitable tolling is premised on a plaintiff's excusable neglect. *Anderson v. Unisys Corp.*, 47 F.3d 302, 306 (8th Cir. 1995). Importantly here, when an administrative agency misleads a complainant, particularly one who lacks the benefit of counsel, equitable tolling may be justified. *Id*. at 306-307.

**Analysis**

Defendant asserts that Plaintiff failed to exhaust her administrative remedies because her agency complaint was untimely. The record confirms that Plaintiff filed her complaint two days late in relation to her receipt of the Notice via email, but it was clearly timely in relation to the five-day rule stated in both the Notice and the accompanying certificate of service.

In its agency decision dismissing Plaintiff's complaint as untimely, Defendant relied on EEOC decisions that are inapposite on these facts. In *Harley J., Complainant, v. Michael R. Pompeo, Sec'y, Dep't of State, Agency*, 2019 WL 4945217 (Sept. 27, 2019), the complaint was filed 86 days after receipt of notice by email. In *Rameses Akbar, Complainant, v. John E. Potter, Postmaster Gen., United States Postal Serv., Agency*, (Apr. 18, 2007), the complaint was postmarked one day after the deadline even after application of the five-day grace period. In denying Plaintiff's subsequent appeal, the EEOC reasoned that the five-day rule applies only to postal mail, rejecting the notion that the language of the Notice was inconsistent.

In this Court's estimation, *Anderson* is on point and controlling. In that case, the agency's notice letter stated that Anderson had one year to file a charge with the Minnesota Department of Humans Rights and that, if the charging document alleged violations of federal law, then the Department would also file the charge with the EEOC. The notice neglected to inform Anderson that the EEOC deadline was 300 days rather than one year. Anderson filed his charge in the interim period. On these facts, the Eighth Circuit held that equitable tolling was warranted because the agency's notice was misleading to a reasonable person, particularly one without counsel. *Anderson*, 47 F.3d at 307.

Similarly here, a reasonable person – one who is likely unrepresented early in the administrative process – would understand the language of the Notice to mean what it centrally

6

conveys, i.e., that "time frames should be computed as commencing five days from the date of mailing." (Doc. 14-2).  Defendant's suggestion that a lay person should have discerned the existence of rebuttable legal presumption applicable only to postal mail does not comport with the Eighth Circuit's instruction, basic fairness, or even a plain reading of the sentence.  Plaintiff's interpretation of the mailing deadline demonstrates the ambiguity and confusion created by the computation language of the Notice, which presumably was part of a standard template that the agency neglected to revise when it pivoted to electronic communications in the early weeks of the COVID-19 pandemic.  In this Court's view, on the particular facts of this case, it was incumbent upon the agency to clarify applicable deadlines rather than to expect a *pro se* plaintiff to ascertain that the five-day rule stated in the Notice did not actually apply at that time.

Guided by *Anderson*, the Court concludes that equitable tolling is appropriate on the present facts.  Defendant does not and cannot claim any prejudice given that Plaintiff's complaint was filed within the time allowed by application of the five-day rule.  *See Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 259 (2016) (noting that the absence of prejudice may be considered "once a factor that might justify tolling is identified").

**Relief**

Finally, in her *pro se* complaint, Plaintiff asks the Court to remand the case to the EEOC for a merits investigation on her allegations of discrimination and retaliation.  Defendant has not addressed the question of disposition for further proceedings, whether here or with the agency. The Court will afford Defendant an opportunity to brief the matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **DENIED**. (Doc. 13).

**IT IS FURTHER ORDERED** that Defendant shall file, within fourteen days, a memorandum no longer than ten pages stating with support its position with respect to further proceedings on Plaintiff's claims.

Dated this 26th day of July 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE