UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH ALLEN-DENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1305-JAR |
| | ) | |
| GINA M. RAIMONDO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Deborah Allen-Denson alleges that she suffered race and sex discrimination while she was recruiting manager with St. Louis Area Census Office of the Department of Commerce. In July 2020 she filed a Formal Complaint with her EEO office, but it dismissed her complaint as untimely filed, and the EEOC affirmed. In June 2022, Plaintiff filed a *pro se* amended complaint with the Court requesting (1) a determination that her Formal Complaint was timely filed, and (2) an order remanding the matter to the Census to investigate the merits of her claims.

On July 26, 2023, the Court effectively granted her first request for relief. The Government had moved for summary judgment, arguing that Plaintiff failed to exhaust her administrative remedies by not timely filing her Formal Complaint. In its order denying Government's motion, the Court explained the Formal Complaint was timely filed based on the deadlines stated in the Official Notice of Right to File a Formal Complaint.

At issue is Plaintiff's second request for relief. In its July 26, 2023, Order, the Court did not address Plaintiff's request to remand but instead requested additional briefing from the Government on further proceedings in the case. In its brief, the Government argues that the

Court lacks the statutory authority to remand the matter and that the Court should proceed with a *de novo* review of the merits of Plaintiff's claims. The Court agrees that it may not remand the matter, but it disagrees about further proceedings.

## DISCUSSION

"Constitutional standing . . . is a threshold question that determines whether a federal court has jurisdiction over a plaintiff's claims." *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 716 (8th Cir. 2017). At a constitutional minimum, there must be an injury in fact, a fairly traceable connection between the injury and the complained-of conduct of the defendant, and a likelihood that the requested relief will redress the alleged injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–104 (1998). To satisfy this last element—redressability—"a plaintiff must show in the first instance that the court is capable of granting the relief sought." *Love v. Vilsack*, 908 F.Supp.2d 139, 144-45 (D.D.C. 2012).

Here, the Court is incapable of granting the relief Plaintiff seeks—remand to the Census. Filing a civil action in federal court terminates the EEOC's processing of appeal. 29 C.F.R. § 1614.409. And the statutory scheme, 42 U.S.C. §§ 2000e-16 and 2000e-5(f) through (k), does not provide for a remand from the district court to an agency. Courts have accordingly declined to find that they may remand to an agency to allow a full merits review. *See Smets v. Wilson*, 716 Fed. Appx. 662, 663 (9th Cir. 2018); *Allen v. Stone*, 988 F.2d 1280 (D.C. Cir. 1993); *Wade v. Sec'y of Army*, 796 F.2d 1369, 1378 (11th Cir. 1986); *Washington v. Client Network Servs., Inc.*, No. CIV.A. 11-01331, 2013 WL 3819381, at *4 (E.D. Pa. July 24, 2013), *vacated in part*, 590 F. App'x 126 (3d Cir. 2014). The Eighth Circuit has likewise rejected the notion that a "the district court will serve as an appellate court" to the EEOC. *Oldham v. West*, 47 F.3d 985, 989

(8th Cir. 1995), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).

Instead of giving a plaintiff's claims "revolving ladder review within the agency or between the agency and the courts," courts have gone on to try the claims on the merits. *Wade*, 796 at 1378. But here, Plaintiff has not requested a trial on the merits or any other relief, and she opposes the Government's suggestion that the Court conduct a *de novo* trial. Because the Court cannot grant Plaintiff's request to remand the matter and Plaintiff requests no other relief, Plaintiff has failed to satisfy the redressability element of constitutional standing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall amend her complaint to satisfy the Court's jurisdictional requirements no later than **Friday, January 5, 2024**. Failure to do so may result in dismissal.

Dated this 13th day of December 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3